**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 22-1331**

---

ROBERT JACKSON,

Plaintiff - Appellant,

v.

RAND MANUFACTURING INC.,

Defendant - Appellee.

---

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Terrence W. Boyle, District Judge.  (5:19-cv-00447-BO)

---

Submitted:  May 26, 2023                                    Decided:  June 8, 2023

---

Before HARRIS and QUATTLEBAUM, Circuit Judges, and TRAXLER, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

**ON BRIEF:** Robert M. Caplan, WHITE & WILLIAMS LLP, Philadelphia, Pennsylvania; Sean Partrick, YATES, MCLAMB, & WEYHER, LLP, Raleigh, North Carolina, for Appellant.  Daniel T. Strong, J. Matthew Little, TEAGUE CAMPBELL DENNIS & GORHAM, LLP, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Robert Jackson appeals the district court's order granting summary judgment in favor of Rand Manufacturing, Inc. ("Rand") in Jackson's personal injury action. On appeal, Jackson argues that the district court erred in granting summary judgment to Rand because a genuine issue of material fact exists regarding whether Jackson was engaged in a reasonably anticipated use of a final roller under the Louisiana Products Liability Act ("LPLA"). For the following reasons, we affirm.

We "review de novo a district court's award of summary judgment, viewing the facts in the light most favorable to the non-moving party." *Chapman v. Oakland Living Ctr., Inc.*, 48 F.4th 222, 228 (4th Cir. 2022). "Summary judgment is appropriate only when 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Id.* (quoting Fed. R. Civ. P. 56(a)).

Under the LPLA, "[t]he manufacturer of a product shall be liable to a claimant for damage proximately caused by a characteristic of the product that renders the product unreasonably dangerous when such damage arose from a reasonably anticipated use of the product by the claimant or another person or entity." La. Stat. Ann. § 9:2800.54. "Reasonably anticipated use means a use or handling of a product that the product's manufacturer should reasonably expect of an ordinary person in the same or similar circumstances." La. Stat. Ann. § 9:2800.53(7) (internal quotation marks omitted). "[R]easonably anticipated use is the threshold LPLA element." *Matthews v. Remington Arms Co.*, 641 F.3d 635, 641 (5th Cir. 2011) (internal quotation marks omitted); *see Butz v. Lynch*, 762 So.2d 1214, 1217-18 (La. Ct. App. 2000).

2

> When determining whether a use was reasonably anticipated, courts have previously considered factors such as: (1) whether the injured party used the product in a manner that was obviously dangerous; (2) what the user was instructed to do and warned not to do with respect to the use of the product; (3) whether the use of the product was expressly warned against in the product's labeling (or operations manual) and the language of that warning; and (4) the sophistication/experience of the user-purchaser.

*Broussard v. Procter & Gamble Co.*, 463 F. Supp. 2d 596, 606 (W.D. La. 2006).

We agree with the district court that Jackson's use of the final roller—manually feeding wooden trusses into the roller—was obviously dangerous. Jackson entered an area where he easily could become trapped between the wooden truss and the final roller. And although Jackson was never personally warned not to enter that area, the operator's manual for the final roller clearly proscribed entry because of the risk of injury or death, and labels on the final roller warned of the need to keep hands and feet clear. The manual further instructed that to enter the area safely, electricity and air should be disconnected from the final roller.* Finally, although Jackson had only been operating the final roller for a month, he was working 60 hours a week and knew—based on his testimony—that he was placing himself in a dangerous situation when he manually fed the trusses into the roller. Therefore, we agree with the district court's conclusion that, on balance, Rand could not have reasonably anticipated that a user would operate the final roller in the manner that Jackson did.

---

\* Jackson's argument that he never read the manual is not relevant to this analysis. Rather, the pertinent question is whether Rand reasonably could have anticipated that a user would operate the final roller without consulting the manual and in direct contravention of the manual's warnings.

3

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*